IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| BEVERLY PREER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV. ACTION NO. 3:06cv848-CSC |
| | ) | (WO) |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

**I. INTRODUCTION**

The plaintiff, Beverly Preer ("Preer"), applied for supplemental security income benefits pursuant to Title XVI, 42 U.S.C. § 1381 *et seq.*, alleging that she was unable to work because of a disability. Her application was denied at the initial administrative level. Preer then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ also denied the claim. The Appeals Council rejected a subsequent request for review. The Appeals Council's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1]  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the court for review pursuant to 42 U.S.C. § 405(g) and § 1631(c)(3). Pursuant to 28 U.S.C. § 636(c)(1) and

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

M.D. Ala. LR 73.1, the parties have consented to entry of final judgment by the United States Magistrate Judge. Based on the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner is due to be reversed and this case be remanded for further proceedings.

## II. STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. . . .

To make this determination,[2] the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. § 404.1520, §416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A reviewing court may not look only to those parts of the record which support the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III.  ADMINISTRATIVE PROCEEDINGS

Preer was 44 years old at the time of the January 12, 2005, hearing before the ALJ. (R. 59.) She is a high school graduate. (R. 60.) Preer's prior work experience includes working as drawing machine operator in a textile mill and a housekeeper in a motel. (*Id.*)

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker,* 651 F.2d 408 (5th Cir. 1981) (Unit A).

Preer alleges that she became disabled due to back and leg pain and weakness, hypertension, headaches, and depression. (R. 64-66.) Following the hearing, the ALJ concluded that Preer has severe impairments of hypertension, obesity, post-ankle operation, cervical and lumbar disc disease, plantar fasciitis, and dysthymia. (R. 26.) The ALJ determined that Preer has the residual functional capacity to perform substantially all of the full range of sedentary work. (R. 28.) Specifically, the ALJ found that Preer "retains the following residual functional capacity: lift 10 pounds occasionally and 5 pounds frequently; stand 2 hours in an 8-hour workday; sit 6-8 hours in an 8-hour workday; no climbing; no constant bending; her mental limitations limits her to only unskilled work." (R. 27.) The ALJ determined that Preer cannot perform her past relevant work. (*Id*.) The ALJ concluded that "[because the claimant[] has the exertional capacity to perform substantially all of the requirements of sedentary work, and considering the claimant's age, education and work experience, a finding of 'not disabled' is supported by application of Medical-Vocational Rule 201.21." (R. 28.) The ALJ further concluded that Preer "retains the capacity to adjust to work that exists in significant numbers in the national economy." (*Id*.) Accordingly, the ALJ determined that Preer is not disabled. (*Id*.)

### IV.  THE PLAINTIFF'S CLAIMS

Preer presents the following issues for the court's review:

(1)  Does substantial evidence support the ALJ's RFC assessment?

(2)  Did the ALJ articulate legally adequate findings by using the medical-vocational guidelines as a framework for decision-

making, without benefit of vocational expert testimony?

## V.  DISCUSSION

Preer raises several issues and arguments related to this court's ultimate inquiry of whether the Commissioner's disability decision is supported by the proper legal standards and by substantial evidence. *See Bridges v. Bowen*, 815 F.2d 622 (11th Cir. 1987). However, the court pretermits discussion of Preer's specific arguments because the court concludes that the ALJ erred as a matter of law at Step Five of the sequential evaluation process and, thus, this case is due to be remanded for further proceedings.

It is clear that the ALJ's failure to secure the testimony of a vocational expert was error. In his analysis, the ALJ determined that "[because the claimant[] has the exertional capacity to perform substantially all of the requirements of sedentary work, and considering the claimant's age, education and work experience, a finding of 'not disabled' is supported by application of Medical-Vocational Rule 201.21." (R. 28.) The ALJ further concluded that Preer "retains the capacity to adjust to work that exists in significant numbers in the national economy." (*Id*.) Accordingly, the ALJ relied on Rule 201.21 of the Commissioner's Medical-Vocational Guidelines (grids) to conclude that Preer is not disabled.

Exclusive reliance on the grids is appropriate only when a claimant has no non-exertional impairments that significantly limit the claimant's basic work activities. *Foote v. Chater*, 67 F.3d 1553 (11th Cir. 1995); *Sryock v. Heckler*, 764 F.2d 834 (11th Cir. 1985).

> [I]n determining residual functional capacity only exertional limitations are considered . . . If a claimant has nonexertional impairments that significantly limit the ability to do basic work activities . . . then the grid regulations do not apply. . . .

> However, when both exertional and nonexertional work impairments exist the grids may still be applicable. [N]on–exertional limitations can cause the grid to be inapplicable only when the limitations are severe enough to prevent a wide range of gainful employment at a designated level. Therefore, when both exertional and nonexertional limitations affect a claimant's ability to work, the ALJ should make a specific finding as to whether the nonexertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations. Courts will review this determination only to determine whether it is supported by substantial evidence.

*Sryock*, 764 F.2d at 836 (internal citations omitted).

In this case, the ALJ determined that Preer's dysthymia is a severe impairment. Because the ALJ concluded that Preer suffers from the non-exertional impairment of dysthymia,[4] the ALJ's failure to secure the testimony of a vocational expert was error.[5] *Foote*, 67 F.3d at 1559 (when non-exertional limitations are alleged, "the preferred method of demonstrating that the claimant can perform specific work is through the testimony of a vocational expert"); *Chester*, 792 F.2d at 132 (The burden of showing by substantial evidence that a person who can no longer perform her former job can engage in other substantial

---

[4] Dysthymia is a non-exertional impairment. *See*, *e.g.*, *Sanders v. Sullivan*, 983 F.2d 822, 823 (8th Cir. 1992); *Diamond v. Secretary of Health and Human Services*, 41 F.3d 1506, 1994 WL 659118, at *1 (6th Cir. 1994)*; Gilbert v. Callahan*, 132 F.3d 38, 1997 WL 753361, at *2 (9th Cir. 1997)(Table).

[5] The court notes that the ALJ agreed with the finding of Dr. Kenneth Warren, a non-examining consultative physician, that Preer has a "limited ability to perform detailed tasks and maintain attention and concentration." (R. 27.) The record indicates that Dr. Warren specifically found that Preer's ability to understand and remember detailed instructions, her ability to carry out detailed instructions, and her ability to maintain attention and concentration for extended periods were moderately limited. (R. 573.) The ALJ also found that Preer had not sought treatment for a mental impairment. (*Id*.) While the ALJ's reference to Dr. Warren's opinion concerning the plaintiff's moderate limitations and Preer's lack of mental health treatment may constitute the ALJ's attempt to characterize Preer's non-exertional impairment of dysthymia as not significantly affecting her RFC, it is clear that the ALJ did not provide a specific analysis with respect to this matter. Consequently, the ALJ's exclusive reliance on the grids in this instance is misplaced. *See*, *generally*, *Phillips v. Barnhart*, 357 F.3d 1232, 1243-44 (11th Cir. 2004).

gainful activity is in almost all cases satisfied only through the use of vocational expert testimony.).  Not surprisingly, other courts have reached the same conclusion.  *See Diamond v. Sec. Health and Human Serv.*, – F.2d –, 1994 WL 659118 *2 (6th Cir. 1994); *Sanders v. Sullivan*, 983 F.2d 822, 823-824 (8th Cir. 1992).  The Commissioner suggests that the Listings take into account the numbers of unskilled jobs in the economy.  But reliance on the Grids would be appropriate only when the non-exertional impairment does not preclude performance of a full range of *sedentary* work.  Not all sedentary work is unskilled.  Thus, the full range of sedentary jobs encompasses those the plaintiff may have difficulty doing due to her dysthymia.  Given the ALJ's failure to secure the testimony of a vocational expert, the court concludes that this case is due to be reversed and remanded.

The court will enter a separate final judgment reversing the decision and remanding this case to the Commissioner for further proceedings consistent with this opinion.

Done this 27th day of August, 2007.

    /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE