IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BEVERLY PREER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:06cv848-CSC |
| ) | (WO) |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

On June 11, 2010, the plaintiff filed a motion for attorney's fees pursuant to 42 U.S.C. § 406(b) seeking $17,642.07 in attorney's fees.[1]  (Doc. # 31).  The Social Security Administration withheld $20,278.25 from the plaintiff's award of past due benefits for payment of attorney's fees which represents 25 percent of the past due benefits awarded. (Doc. # 31, Pl's Mot., Ex. C).  The plaintiff requests $17,642.07 in attorney's fees which is less than 25% of the amount withheld.  The plaintiff's counsel was previously awarded $4,837.28 in fees under the Equal Access to Justice Act ("EAJA").  The plaintiff represents to the court that the amount of fees now requested for her attorney will be offset by the amount of EAJA fees previously awarded to her attorney.  Consequently, according to the

---

[1] On June 14, 2010, the United States Supreme Court decided *Astrue v. Ratliff*, — S.Ct. —, 2010 WL 2346547 (2010) in which the Court unambiguously held that attorney's fees are awarded to the prevailing litigant, not to prevailing litigant's attorney.  *See also Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir. 2008) ("attorney's fees are awarded to the prevailing party, not to the prevailing party's attorney.").  Consequently, it is the plaintiff and not plaintiff's counsel, who is seeking an award of attorney's fees.

plaintiff, her attorney would receive $12,804.79[2] in fees pursuant to 42 U.S.C. § 406(b). The United States does not object to an award of fees but asserts that the amount requested "may be unreasonable because it may represent a windfall to counsel." (Doc. # 33 & 38).

The plaintiff, Beverly Preer ("Preer"), applied for supplemental security income benefits pursuant to Title XVI, 42 U.S.C. § 1381 *et seq.*, alleging that she was unable to work because of a disability. Her application was denied at the initial administrative level. Preer then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ also denied the claim. The Appeals Council rejected a subsequent request for review. The Appeals Council's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[3] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

On December 23, 2003, the plaintiff entered into a contingency fee agreement with counsel in which plaintiff agreed to payment of attorney's fees in the amount of 25 percent of any past due benefits awarded to plaintiff. On September 22, 2006, the plaintiff sought review of the Commissioner's adverse decision pursuant to 42 U.S.C. §§ 405(g) and 1631(c)(3). Pursuant to 28 U.S.C. § 636(c), the parties consented to entry of final judgment by the United States Magistrate Judge. On August 27, 2007, the court remanded this case

---

[2] The Court has corrected the plaintiff's math.

[3] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

The plaintiff was subsequently awarded past due disability benefits. The Social Security Administration withheld $20,278.25 from the plaintiff's past due benefits for payment of attorney's fees.

Pursuant to 42 U.S.C. § 406(a), the plaintiff's counsel has also petitioned the Social Security Administration for an award of attorney's fees in the amount of $10, 202.50 for work performed at the administrative level. Although "counsel for Plaintiff promises to modify it's (sic) fee petition under 406(a) now pending before the Commissioner," (doc. # 37 at 2), this court cannot award fees for work performed at the administrative level.[4] *See Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002); *Gardner v. Mitchell*, 391 F.2d 582, 583 (5th Cir. 1968).[5] "The statute deals with the administrative and judicial review stages discretely; § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees

---

[4] 42 U.S.C. 406(b) provides as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was *represented before the court* by an attorney, the court may determine and allow as part of its judgment a reasonable fee *for such representation*, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b) (emphasis added).

[5] *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

3

for representation in court." *Gisbrecht*, 535 U.S. at 794. *See also Rice v. Astrue*, — F.3d —, 2010 WL 2507826 (5th Cir. 2010) (No. 09-10589); *McGraw v. Barnhart*, 450 F.3d 493, (10th Cir. 2006).

> This regime recognizes that the Commissioner and the courts operate in different spheres. "The district court ... may consider only court-related services in setting allowable fees for representation before it. On the other hand, Congress has made it equally clear that the authority for setting fees for representation in agency proceedings rests exclusively with the [Commissioner]."

*Rice*, — F.3d at —, 2010 WL 2507826, * 2.

Even though the plaintiff indicates that she will reduce her request for fees currently pending before the Commissioner to compensate for an award of fees in this court, the court cannot award the plaintiff fees for work performed at the administrative level. "[T]he court does not make fee awards for work at the agency level, and the Commissioner does not make fee awards for work done before the court." *McGraw*, 450 F.3d at 498.

The plaintiff seeks payment of fees from this court pursuant to 42 U.S.C. § 406(b). Although the plaintiff requested $17,642.07 in fees be paid to her attorney, because the court cannot compensate the plaintiff for work her attorney performed at the administrative level, the court subtracts $10,202.50, the amount of fees requested at the administrative level, from the request for fees which leaves $7439.57 for an award of fees. Plaintiff's counsel was previously awarded $4,837.28 under the EAJA, and the plaintiff requests that the court offset the attorney's fee award by that amount. *See Jackson v. Commissioner of Social Security*, 601 F.3d 1268, 1269 (11th Cir. 2010) ("We conclude that the attorney may offset the earlier

4

award by making a corresponding reduction to [her] 42 U.S.C. § 406(b) fee request."). Consequently, the amount of attorney's fees at issue is $2,602.29.

The question for the court now is whether an award of attorney's fees in the amount of $2,602.29 is reasonable in this case. Plaintiff's counsel asserts that she expended 28.90 hours representing the plaintiff in this court. A fee of $2,602.29 coupled with the plaintiff's previous EAJA award of $4,837.28 results in an hourly rate of $257.42 for work performed in this court. Awarding the plaintiff a fee in the amount of $2,602.29 will not exceed 25% of the past due benefits. Thus, the court concludes that this is a reasonable fee for the work performed in this court.

Accordingly, it is

ORDERED and ADJUDGED that, pursuant to the 42 U.S.C. § 406(b), the motion for attorney's fees (doc. # 31) be and is hereby GRANTED to the extent that the plaintiff be and is hereby AWARDED $2,602.29 as a reasonable attorney's fee.

Done this 30th day of July 2010.

                         /s/Charles S. Coody
                         CHARLES S. COODY
                         UNITED STATES MAGISTRATE JUDGE